UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RYAN L. ESLICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00756-SEB-MPB |
| | ) |
| WEXFORD HEALTH CARE, LLC, | ) |
| D. DEWINGER Dr., | ) |
| SCOTT LEVINE Dr., | ) |
| EASTER-ROSE Dr., | ) |
| R. PERRY Dr., | ) |
| | ) |
| Defendants. | ) |

**Entry Granting Summary Judgment and Directing Entry of Final Judgment**

Plaintiff Ryan L. Eslick is an Indiana prison inmate confined at the Westville Correctional Facility. The Court screened his complaint pursuant to 28 U.S.C. § 1915A, and determined that Eighth Amendment medical claims shall proceed against defendants Wexford of Indiana, Dr. Deanna Dwenger, Dr. Scott Levine, Dr. Cimone Easter-Rose, and Dr. Roger Perry. These five defendants collectively move for summary judgment on their affirmative defense that Mr. Eslick failed to exhaust his available administrative remedies. Mr. Eslick did not respond to the defendants' motion and the time for doing so has passed.

For the reasons explained below, the defendants' unopposed motion for summary judgment, dkt. [25] is **granted**. Mr. Eslick's claims are dismissed without prejudice and final judgment shall enter consistent with this Order.

**I. Background**

Mr. Eslick brought his claims against four doctors and their employer, Wexford of Indiana LLC, the company contracted by Indiana to provide medical services to inmates throughout the

state prison system. He contended that on January 1, 4, & 5, 2019, while in the Pendleton Correctional Facility, he sought mental health treatment for having suicidal ideations. Having not received treatment he attempted suicide on January 23 and February 4, 2019. The individual defendants allegedly told him there was nothing they could do. Sixteen days after his last suicide attempt, Mr. Eslick brought this action alleging the defendants were deliberately indifferent to his serious medical needs. Dkt. 1.

The defendants answered and asserted the affirmative defense of Mr. Eslick's failure to exhaust his available administrative remedies. Dkt. 18. The Court stayed the action except for discovery on the exhaustion issue. Dkt. 20. Following brief discovery efforts, the defendants moved for summary judgment contending that Mr. Eslick did not file a grievance concerning the allegations in his complaint. They argue that Mr. Eslick's claims are therefore barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requirement that a prisoner first exhaust his available administrative remedies before filing a lawsuit.

Accordingly, the following facts, unopposed by Mr. Eslick and supported by admissible evidence, are accepted as true:

At all times relevant to his claims, Mr. Eslick was incarcerated at the Pendleton Correctional Facility (PCF). The Indiana Department of Correction (IDOC) has an administrative remedy system that was in effect at all times relevant to this case. Dkt. 26, p. 3., ¶ 8. The administrative remedy process allows an inmate to seek formal review of a complaint related to any aspect of his imprisonment. All inmates arriving at PCF are provided Admission and Orientation paperwork that includes an explanation of this grievance system, and the grievance procedures are available in the law libraries. *Id.* To exhaust administrative remedies, the inmate follows a three-step process. *Id.*, ¶¶ 9-10. The first step is to make an informal grievance about the

issue. If the informal grievance is not successful, the inmate files a formal grievance with the PCF Grievance Specialist. If the issue is not resolved, the inmate may file an appeal to the PCF Warden. If the Warden does not resolve the issue, the inmate may then appeal to the IDOC Grievance Manager. The inmate's available administrative remedies are then exhausted. *Id., ¶* 10.

Mr. Eslick never submitted a successful grievance during his entire time at PCF, and never filed a medical grievance that was returned to him as improper. *Id.*, ¶¶ 11-13. Mr. Eslick failed to exhaust his available administrative remedies concerning his claims against the defendants. *Id.*, ¶ 14.

## II. Standard of Review

### A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *See Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

The defendants' motion for summary judgment, brief in support, and Rule 56 notice were served on Mr. Eslick on or about June 5, 2019. Dkts. 25, 26, & 27. The consequence of Mr. Eslick's failure to respond is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321

F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

### B. Prison Litigation Reform Act Exhaustion

The substantive law applicable to a portion of the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Because exhaustion of administrative remedies is an affirmative defense, the burden of

4

proof is on the defendants to demonstrate that Mr. Eslick failed to exhaust all available administrative remedies before he filed this suit. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

### III. Discussion

The undisputed facts demonstrate that the defendants have met their burden of proving that Mr. Eslick "had available [administrative] remedies that he did not utilize." *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004). Given his wholesale failure to respond, Mr. Eslick has not identified a genuine issue of material fact supported by admissible evidence that counters the facts offered by the defendants. One of these facts is that the IDOC had an administrative remedy process in place through which Mr. Eslick could have complained about the failure to receive adequate medical treatment for his suicidal ideations. The undisputed facts also demonstrate that Mr. Eslick did not file any grievance, either informal or formal, concerning his mental health or suicidal thoughts. The undisputed facts are that Mr. Eslick did not exhaust his available administrative remedies prior to filing this lawsuit. This is unsurprising given the timeline noted in the beginning of this Order – that Mr. Eslick filed this action just sixteen days after his second suicide attempt.

The consequence of Mr. Eslick's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this lawsuit should not have been brought and must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

For these reasons, the defendants' motion for summary judgment, dkt. [25], is **granted**. Mr. Eslick's claims are **dismissed without prejudice**. Final judgment shall issue accordingly.

**IT IS SO ORDERED.**

Date: 8/13/2019

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ryan L. Eslick
121550
Westville Correctional Facility
Inmate Mail/Parcels
5501 South 1100 West
Westville, IN 46391

Douglass R. Bitner
Katz Korin Cunningham, P.C.
dbitner@kkclegal.com